UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-125-KSF

RONNIE HOLBROOK                                                                          PLAINTIFF

v.                                                **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The claimant, Ronnie Holbrook, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.      OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)     If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm

2

the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Holbrook filed this application for SSI on February 20, 2007, which was denied initially and on reconsideration. [TR 15]. At Holbrook's request, an administrative hearing was conducted on January 24, 2005. The Appeals Council remanded the case to the ALJ. Holbrook filed a subsequent claim for SSI on February 28, 2005. The Appeals Council's action rendered the subsequent claim duplicate and the claim was associated. Pursuant to the Appeals Council's remand, Holbrook appeared and testified at an administrative hearing on December 19, 2005. The ALJ issued an unfavorable opinion, and the ALJ's decision that Holbrook is not disabled became the final decision of the Commissioner when the Appeals Council subsequently denied Holbrook's request for review on April 14, 2008. [TR 5]. Holbrook has exhausted his administrative remedies and filed a timely action with this court. This case is now ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Holbrook was 43-years-old. He has a seventh grade education and no vocationally relevant past work experience. Holbrook alleges disability due to asthma, a learning disability, seizures, nerves and insomnia. [TR 16]. His alleged onset date is February 16, 1996.

In a prior hearing, the ALJ found that Holbrook had severe depression but it was due to medical records for less than one year from March 27, 2002 to September 11, 2002. He received counseling and medication for a diagnosis of major depressive disorder and paranoid schizophrenia

from March 27, 2002 to September 11, 2002. The record shows evidence of hospitalization for major depressive disorder and benzodiazepine abuse but he showed significant improvement with medicinal compliance and detoxification and was discharged August 23, 2002 with a normal mental status and GAF of 70. Treatment notes from August and September 2002 show that his condition was stable and there is no evidence of treatment for mental health problems since that date. Annette Freel, a licensed psychological associate, evaluated Holbrook on May 9, 2005. She found that he put forth a very poor effort and the testing was invalid with the impression of malingering. Ms. Freel found that Holbrook's concentration was normal and he could perform simple, repetitive tasks, interact with others and handle the stress of day-to-day work. Ms. Freel noted that Holbrook reported that he shopped occasionally, watched movies, enjoyed bluegrass music and visited family and friends, and that he was irritable, agitated, defensive and dramatic during his examination. Dr. William Coble, Jr. examined Holbrook on March 30, 2002. He found Holbrook uncooperative with getting a medical history and with visual acuity testing. On May 15, 2002, Dr. Coble noted that Holbrook's seizure disorder was controlled.

      The ALJ began his analysis at step one by determining that Holbrook has not engaged in any substantial gainful activity since his alleged onset date. At step two, the ALJ found that Holbrook suffers from asthma and a seizure disorder, which are severe in combination. The ALJ found that Holbrook did not have a severe mental impairment. At step three, the ALJ determined that the impairments of asthma and seizure disorder do not meet or medically equal, either singly or in combination, a listed impairment. At the fourth step, the ALJ found that Holbrook had no past relevant work. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Holbrook's age, educational background, past relevant work

4

experience and residual functional capacity ("RFC"), the ALJ found that Holbrook was capable of performing jobs existing in significant numbers in the national economy and on this denied his claim for SSI.

An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ determined that Holbrook has the RFC to perform a significant range of medium work with limitations for avoiding concentrated exposure to dust, fumes, gases and poor ventilation and that he should avoid even moderate exposure to hazards. The ALJ also noted that Holbrook has minimum reading and writing ability. [TR 19].

At the hearing, the VE testified that Holbrook could perform work at the medium level as a hand packer (127,000 nation/10,000 region) and assembler (308,000 nation/16,000 region), at the light level as a grader/sorter (64,000 nation/4,000 region) and kitchen worker (450,000 nation/25,000 region) or at the sedentary level as a hand packer (69,000 nation/4,200 region) and marker (67,000 nation/3,900 region). The VE testified that the jobs were consistent with the Dictionary of Occupational Titles.

### III. ANALYSIS

On appeal, Holbrook challenges the ALJ's finding that Holbrook could perform work identified by the VE. Holbrook argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards because he "acted as his own medical expert" in finding that Holbrook did not have a severe mental impairment for more than 12 consecutive months. After noting severe impairments of asthma and seizure disorder and a minimal ability to read and write, the ALJ found that Holbrook could perform medium work with specific limitations

identified herein. The ALJ, however, did not provide limitations in his hypothetical to the VE related to the claimed "depressive disorder" because he found that the record lacked evidence to support such an impairment existed for more than 12 consecutive months. The court finds that the ALJ's determination that Holbrook did not have a severe mental impairment for more than 12 months is supported by substantial evidence and the hypothetical posed to the VE accurately reflected Holbrook's impairments.

In October 2001, while in prison, Holbrook received a psychiatric consult. The consulting psychiatrist concluded that he did not have symptoms consistent with clinical depression or anxiety. After his release from prison, however, Holbrook was voluntarily admitted to Appalachian Regional Healthcare, Inc. on March 4, 2002, with notes of depressed mood, poor sleep and suicidal ideation. He was discharged March 14, 2002, and diagnosed with "major depressive disorder, severe, recurrent with psychosis." Upon discharge, he had an appointment scheduled with Robert Thompson, therapist at Kentucky River Comprehensive Care. The records from KRCC note that Holbrook was depressed and irritable on one occasion [TR 337] and note depression on one other occasion [TR 338]. Mr. Thompson lists "paranoid schizophrenia, chronic" in his notes of initial assessment and diagnostic impression of Holbrook upon exam on March 27, 2002. After March 2002, there is a void of treatment records regarding Holbrook's claimed mental impairment.

While Holbrook's depression may have been "severe" for a period of time because it was not so slight that it could not result in a finding of disability no matter how adverse his vocational factors might be, *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988), there is no evidence that the impairment continued for 12 months as required by 20 C.F.R. § 404.1509. There is no evidence in the record to show treatment for any mental health conditions from March 2002 until the time of the

hearing. Further, the evaluation by Ms. Freel, which is the only other evaluation pursuant to an examination that is in the record, does not support a finding that he had a severe mental impairment at that time. Therefore, the court concludes that the ALJ's determination that Holbrook does not have a severe mental impairment that continued for 12 months is supported by substantial evidence.

IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the claimant's motion for summary judgment [DE 10] is **DENIED** and the Commissioner's motion for summary judgment [DE 13] is **GRANTED**. A judgment will be entered contemporaneously herewith.

This 14th day of January, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge